ELI A. SAKS, Respondent and Appellant, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant and Respondent.

Argued December 1, 1953; decided March 4, 1954.

*Mark N. Turner* for appellant-respondent.

*George M. Donohue* and *Albert E. Moss* for respondent-appellant.

*Per Curiam.* In our view the jury could properly have made the finding — implicit in its verdict — that the cash register tape for December 10, 1949, which indicated plaintiff's sales for that date to have been $117.62, constituted a sufficient record, within the meaning of the policy of burglary insurance, to support its verdict for the loss occurring on that date. Deducting from the amount indicated above the sums of $19.25 (which represents cash paid out by plaintiff) and $38.32 (the amount left by the robbers), the balance of $60.05 represents loss to the plaintiff which should not have been deducted from the judgment.

Accordingly, the judgment entered upon the order of the Appellate Division should be modified by increasing the amount of the award to the plaintiff by $60.05, and, as thus modified, affirmed, without costs.

LEWIS, Ch. J., CONWAY, DESMOND, FULD and FROESSEL, JJ., concur; DYE and VAN VOORHIS, JJ., dissent and vote to reverse the judgment and for a new trial on the ground that the memorandum described as Exhibit 5 is insufficient as a matter of law to comply with the requirements of the policy, for the reason stated in the dissenting opinion by Justice VAUGHAN at the Appellate Division.

Judgment accordingly.